UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GARY JAMERSON (#431959), Plaintiff | CIVIL ACTION NO. 1:16-CV-1434-P |
| VERSUS | CHIEF JUDGE DRELL |
| DEBRA JACKSON, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Gary Jamerson ("Jamerson") (#431959). Jamerson was granted leave to proceed *in forma pauperis*. (Doc. 9). Jamerson is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Jamerson names as defendants Debra Jackson, Sara McCoy, and George Kelly. Jamerson complains that he has been denied due process with respect to his job assignment and incentive pay, and has been subjected to racial discrimination.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

Jamerson complains that Defendants Jackson and McCoy downgraded Jamerson's job assignment from "Certified Tutor 2" to "Education Student, Library Trainee 3," without notice or hearing, in violation of his constitutional rights.

Jamerson alleges that his job change decreased his incentive pay from eighty-five cents ($0.85) per hour to sixteen cents ($0.16) per hour. (Doc. 1, p. 20).

Jamerson further alleges that the job assignment change was prompted by Defendant Kelly's failure to provide the certified teacher tutor with Jamerson's paperwork that qualified him to serve as a tutor. (Doc. 1, pp. 8, 20).

Finally, Jamerson alleges that he is the only certified tutor that received a downgrade in incentive pay and job assignment, and he is the only African-American certified tutor. (Doc. 1, p. 14). Jamerson implies that his job change and pay decrease were related to his race.

II.   Law and Analysis

   A.   Jamerson's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Jamerson is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Jamerson's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Jamerson's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis

in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Jamerson does not have a constitutional right to prison employment.

In order to state a Constitutional claim for a substantive or procedural due process violation, a plaintiff must demonstrate that he was "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." Wooley v. City of Baton Rouge, 211 F.3d 913, 919 (5th Cir. 2000); see also Sandin v. Conner, 515 U.S. 472, 481-83 (1995).

Jamerson complains that he was denied due process when his job assignment and pay level were decreased without notice or a hearing. However, there is no constitutional right to a particular job assignment in a prison, and an inmate's expectation of obtaining or keeping a specific prison job does not implicate a protected property interest. See Bibbs v. Early, 541 F.3d 267, 271 (5th Cir. 2008); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995). Prison officials have broad administrative and discretionary authority over the institutions they manage, see Hewitt v. Helms, 459 U.S. 460, 467 (1983), and classification of inmates is one of those administrative functions, see Wilkerson v. Maggio, 703 F.2d 909, 911 (5th Cir. 1983). Because Jamerson has no protected liberty interest in his job assignment or classification, he was not entitled to notice or a hearing before his assignment or classification was changed.

  C. <u>Jamerson does not state a discrimination claim.</u>

In order to maintain an equal protection claim, a plaintiff must show that he received treatment different from that received by similarly situated individuals, and that the unequal treatment stemmed from discriminatory intent. See <u>Taylor v. Johnson</u>, 257 F.3d 470, 473 (5th Cir. 2001). A prisoner must show that the prison official acted with a discriminatory purpose, and cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination. See <u>Woods v. Edwards</u>, 51 F.3d 577, 579 (5th Cir. 1995). Vague and conclusory allegations of discrimination are insufficient to raise an equal protection claim. See <u>Pedraza v. Meyer</u>, 919 F.2d 317, 318 n. 1 (5th Cir. 1990) (per curiam); <u>Brown v. Tanner</u>, 2010 WL 1936212 (E.D. La., April 23, 2010).

Jamerson concludes that his job may have changed because of his race. Jamerson sates, "It is worth noting that I am the only African-American certified tutor since May 2016 in the Winn Corr. Center education department." (Doc. 1, p. 14). However, Jamerson does not present factual allegations demonstrating a discriminatory intent by any Defendants. Rather, he alleges that the job change was prompted by the negligence of Defendant Kelly in failing to submit Jamerson's paperwork in a timely manner. (Doc. 1, pp. 8, 20).

### III. <u>Conclusion</u>

For the forgoing reasons, **IT IS RECOMMENDED** that Jamerson's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __18th__ day of January, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge